JAMES D. NGUYEN (State Bar No. 179370)
jimmynguyen@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

FRED B. BURNSIDE (State Bar No. 211089)
fredburnside@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700

Attorneys for Defendant
Microsoft Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX SMITH, an individual, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. CV12-1446 DSF (FMOx)<br>The Honorable Dale S. Fischer<br><br>**MICROSOFT CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Hearing Date: April 30, 2012<br>Hearing Time: 1:30 P.M.<br>Courtroom: 840<br><br>State Action Filed: January 9, 2012<br>Removed: February 21, 2012 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 30, 2012, at 1:30 p.m. in Courtroom 840, located at 255 E. Temple Street, Los Angeles, CA 90012, Defendant Microsoft Corporation ("Microsoft") will move the Court for an order dismissing all of the claims asserted in Plaintiff's Complaint.

This Motion is based upon Federal Rule of Civil Procedure 12(b)(3). This Motion is also based upon this Notice, the attached Memorandum of Points and Authorities, and such further oral and/or documentary evidence as may be properly presented at or before the time of the hearing.

This Motion is made following a conference of counsel pursuant to Local Rule 7-3 which took place telephonically on March 22, 2012, and through subsequent correspondence.

DATED:  March 29, 2012

DAVIS WRIGHT TREMAINE LLP
JAMES D. NGUYEN
FRED B. BURNSIDE


By: /s/ James D. Nguyen
     James D. Nguyen

Attorneys for Defendant
MICROSOFT CORPORATION

MOTION TO DISMISS
DWT 19204991v11 0025936-001541

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

I.    MEMORANDUM OF POINTS AND AUTHORITIES —
      INTRODUCTION AND SUMMARY OF ARGUMENT ............................. 1

II.   FACTUAL BACKGROUND ........................................................................ 1

      A.    The Agreed Forum. ....................................................................... 1

      B.    Smith's Allegations. ...................................................................... 3

III.  ARGUMENT ............................................................................................. 4

IV.   CONCLUSION .......................................................................................... 8

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Argueta v. Banco Mexicano,*
S.A., 87 F.3d 320 (9th Cir. 1996) .................................................. 1, 4

*Bennett v. Hosting.com, Inc.,*
2008 WL 4951020 (N.D. Cal. 2008) .............................................. 5

*Bernikow v. Xerox Corp. Long-Term Disability Income Plan,*
2006 WL 2536590 (C.D. Cal. 2006) .............................................. 5

*Bremen v. Zapata Off-Shore Co.,*
407 U.S. 1 (1972) ............................................................................ 4

*Brodsky v. Match.com LLC,*
2009 WL 3490277 (S.D. N.Y. 2009) ............................................. 6, 7

*Carnival Cruise Lines v. Shute,*
499 U.S. 585 (1991) ....................................................................... 4

*Davis v. Avvo, Inc.,*
2011 WL 4063282 (M.D. Fla. 2011) ............................................. 6

*E. & J. Gallo Winery v. Andina Licores S.A.,*
446 F.3d 984 (9th Cir. 2006) ........................................................ 4

*Fireman's Fund Ins. Co. v. M/V DSR Atlantic,*
131 F.3d 1336 (9th Cir. 1998) ....................................................... 5

*Gamayo v. Match.com LLC,*
2011 WL 3739542 (N.D. Cal. 2011) .............................................. 7

*Hegwer v. Am. Hearing & Assocs.,*
2012 U.S. Dist. LEXIS 24313 (N.D. Cal. 2012) ........................... 5

*Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.,*
130 S. Ct. 2433 (2010) ................................................................... 4

*Koresko v. RealNetworks, Inc.,*
291 F. Supp. 2d 1157 (E.D. Cal. 2003) .......................................... 5, 6, 7

*Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty,*
408 F.3d 1250 (9th Cir. 2005) ....................................................... 4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Meier v. Midwest Recreational Clearinghouse, LLC,*
   2010 WL 2738921 (E.D. Cal. 2010) ........................................................ 5, 6, 7

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,*
   741 F.2d 273 (9th Cir. 1984) ................................................................... 5

*Regents of the Univ. of Cal. v. Global Excel Mgmt.,*
   2010 U.S. Dist. LEXIS 136552 (C.D. Cal. 2010) ...................................... 5

*Simonoff v. Expedia, Inc.,*
   643 F.3d 1202 (9th Cir. 2011) ................................................................. 5

*Spradlin v. Lear Siegler Mgmt. Servs. Co., Inc.,*
   926 F.2d 865 (9th Cir. 1991) ................................................................... 5

*Stern v. Advanta Bank Corp.,*
   2010 WL 1028375 (N.D. Cal. 2010) ........................................................ 7

*Talyancich v. Microsoft Corp.,*
   Case No. CV 12-00483 GAF (FMOx) (C.D. Cal. March 28, 2012) ............. 1, 8

*TradeComet.com, LLC v. Google, Inc.,*
   693 F. Supp. 2d 370 (S.D. N.Y. 2010) ..................................................... 7

*Tricome v. Ebay, Inc.,*
   2009 WL 3365873 (E.D. Pa. 2009) .......................................................... 6

*U.S. v. Drew,*
   259 F.R.D. 449 (C.D. Cal. 2009) ............................................................. 5

**STATE CASES**

*Forrest v. Verizon Commc'ns, Inc.,*
   805 A.2d 1007 (D.C. 2002)....................................................................... 6

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200.................................................................. 1, 4

Cal. Civ. Code § 1798.83 ........................................................................... 1, 3

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 12(b)(3) ............................................................................. 1, 2, 4, 7

MOTION TO DISMISS
DWT 19204991v11 0025936-001541

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## I.   MEMORANDUM OF POINTS AND AUTHORITIES —
### INTRODUCTION AND SUMMARY OF ARGUMENT

As a condition of Plaintiff Max Smith's use of Microsoft's Xbox LIVE and Windows Live services, Smith and Microsoft agreed the parties would bring any lawsuits against each other in the state and federal courts of King County, Washington. Ignoring those agreements, Smith sued Microsoft in California, alleging violation of California's "Shine the Light" Act, Cal. Civ. Code § 1798.83 (the "Act"), and a derivative claim for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL"). Smith alleges Microsoft violated the Act's notice provision, which requires a business under certain circumstances to post notice about its designated contact information for customer inquiries about how the business shares personal information with third parties for their marketing purposes. Smith seeks to assert these claims on behalf of all California residents who provided personal information to Microsoft, without regard to whether Microsoft ever shared their information.

The Court should dismiss the Complaint without prejudice under Rule 12(b)(3) because the parties entered into agreements with reasonable and enforceable forum selection clauses, which all choose Washington—not California—as the forum for any lawsuits. *Argueta v. Banco Mexicano*, S.A., 87 F.3d 320, 325 (9th Cir. 1996). Indeed, Judge Feess *yesterday* enforced Microsoft's forum selection clause in a putative class action involving Xbox LIVE services, dismissing the Complaint without prejudice to re-filing in King County, Washington. *See Talyancich v. Microsoft Corp.*, Case No. CV 12-00483 GAF (FMOx), Order re Motion to Dismiss, Dkt. 16 (C.D. Cal. March 28, 2012) (attached at Appendix A).

## II.   FACTUAL BACKGROUND

### A.   The Agreed Forum.

On June 6, 2010, Smith subscribed to Microsoft's Xbox LIVE and Windows Live services. Declaration of Nic Sanchez ("Sanchez Decl.") ¶ 2. Microsoft provides Xbox LIVE as an online service for use with its Xbox 360 entertainment

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

consoles. *See* Declaration of Jason Coon ("Coon Decl.") ¶ 2. Microsoft offers Windows Live to subscribers as a suite of software and services. *See* Declaration of Dharmesh M. Mehta ("Mehta Decl.") ¶ 2.

The Xbox LIVE Terms of Use ("TOU") in effect when Smith subscribed contained a clause stating "you consent to the exclusive jurisdiction and venue of state or federal courts in King County, Washington, USA for all disputes relating to this contract or the Service." Coon Decl. ¶¶ 4-5 & Ex. 2. Likewise, the Microsoft Service Agreement ("MSA") in effect when Smith subscribed to Windows Live contained a clause stating: "You and we irrevocably consent to the exclusive jurisdiction and venue of the state or federal courts in King County, Washington, USA, for all disputes arising out of or relating to this contract." Mehta Decl. ¶¶ 4-5 & Ex. 2. The current TOU and MSA both continue to choose King County, Washington, as the exclusive forum for any disputes heard in court (other than small claims cases). Coon Decl. Ex. 1, ¶ 19; Mehta Decl. Ex. 1, ¶ 13. In fact, each version of the TOU and the MSA in effect since Smith subscribed contains a clause under which the subscriber and Microsoft chose the state or federal courts in King County, Washington, as the exclusive forum for lawsuits arising out of the services or relating to the respective agreements. *See* Coon Decl. ¶ 5; Mehta Decl. ¶ 5.

Smith accepted the TOU and the MSA when he subscribed in June 2010. Sanchez Decl. ¶ 2. Before Smith could subscribe to and access Xbox LIVE or Windows Live services, he had to affirm his agreement to the applicable TOU by clicking "Accept" or "I Accept" on a screen that displayed the TOU and MSA, respectively. Coon Decl. ¶ 3; Mehta Decl. ¶ 3. Had Smith failed to click "Accept" or "I Accept" he would have been unable to access Xbox LIVE or Windows Live services. Coon Decl. ¶ 3; Mehta Decl. ¶ 3.

On January 14, 2012, five days after filing this suit, Smith re-subscribed to Xbox LIVE and accepted the December 2011 version of the TOU. Sanchez Decl. ¶ 2; Coon Decl. Ex. 1. This version of the TOU provides: "You and we irrevocably

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

consent to the exclusive jurisdiction and venue of the state or federal courts in King County, Washington, for all Disputes arising out of or relating to this contract or the Service that are heard in court (not arbitration and not small claims court)."[1]

## B.   Smith's Allegations.

Smith alleges Microsoft, in operating the websites www.microsoft.com, www.login.live.com, and www.xbox.com, "collects and stores a wealth of information about its subscribers, and shares such data with third parties for direct marketing purposes."  Compl. ¶¶ 6-7.  (Microsoft will contest the material allegations of the Complaint in the appropriate forum.)  Smith also alleges he is a California resident who  (1) "registered for an online account with Microsoft" in 2010; (2) provided personal information to Microsoft when he subscribed, including "his full name, mailing address, e-mail address, ZIP code, telephone number, gender, and birth date"; and (3) has "visited www.login.live.com and www.xbox.com on numerous occasions since registering."  *Id.* ¶¶ 10, 36–39.  These websites are associated with the Windows Live and Xbox LIVE services.  By virtue of subscribing to Xbox LIVE and Windows Live, Smith alleges he has an established business relationship with Microsoft.  *See id.* ¶¶ 36-39, 48-49.

Smith purports to bring two claims:  (1) violation of California's "Shine the Light" Act; and (2) a derivative UCL claim, which depends entirely on the alleged violation of the Act.  Compl. ¶¶ 47–66.  Specifically, Smith alleges Microsoft failed to post a notice on its websites to provide designated contact information for inquiries about how it shares personal information with third parties for marketing purposes.  *Id.* ¶ 54 (citing Cal. Civ. Code § 1798.83(b)(1)(B)).  Based solely on purported violations of the Act's posting requirements, Smith also alleges violations

---

[1] The operative TOU contain an arbitration provision.  *See* Coon Decl. Ex. 1 ¶ 18.1. By seeking dismissal under Rule 12(b)(3) based on the forum selection clause, Microsoft does not waive its right to compel arbitration.  In fact, when and if Smith brings this case in a ***proper*** forum, Microsoft anticipates moving to compel arbitration of his claims relating to Xbox LIVE—and seeking a stay of the remaining claims.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

MOTION TO DISMISS
DWT 19204991v11 0025936-001541

of the UCL's bar against "any unlawful, unfair, or fraudulent business act or practice." *Id.* ¶¶ 62–66 (citing Cal. Bus. & Prof. Code § 17200).  Smith seeks to assert these claims on behalf of a proposed class of "[a]ll California residents who have provided personal information to Microsoft." *Id.* ¶ 40.

### III.   ARGUMENT

"A motion to enforce a forum-selection clause is treated as a motion pursuant to Federal Rule of Civil Procedure 12(b)(3)." *Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005).  As a result, "the pleadings need not be accepted as true, and facts outside the pleadings properly may be considered." *Id.*

Forum selection clauses serve as "an indispensable element" in commerce, allowing parties to "agree[] in advance on a forum acceptable" to them. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13–14 (1972)).  This has "the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 593–94 (1991).  "[T]he Supreme Court has established a strong policy in favor of the enforcement of forum selection clauses," *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 992 (9th Cir. 2006); a "clause of this kind is enforced unless it imposes a venue 'so gravely difficult and inconvenient that [the plaintiff] will for all practical purposes be deprived of his day in court.'" *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 130 S. Ct. 2433, 2448 (2010) (quoting *Bremen*, 407 U.S. at 18).

A forum  selection clause is "prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is 'unreasonable' under the circumstances." *Argueta*, 87 F.3d at 325 (citing *Bremen*, 407 U.S. at 10).   Courts construe this exception "narrowly." *Id.*  "To establish unreasonableness of a forum selection clause," the party challenging it bears "a **heavy burden** of showing that trial in the chosen forum would be so difficult and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

inconvenient that the party effectively would be denied a meaningful day in court."
*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir.
1984) (emphasis added); *see also Regents of the Univ. of Cal. v. Global Excel Mgmt.*,
2010 U.S. Dist. LEXIS 136552, *5 (C.D. Cal. 2010) (burden is on "party challenging
a forum selection clause to present persuasive evidence as to its validity." ).

It makes no difference that a plaintiff may have agreed to litigate in a state, or
even country, other than the one in which he resides. *See Fireman's Fund Ins. Co. v.
M/V DSR Atlantic*, 131 F.3d 1336, 1338 (9th Cir. 1998) (litigating in Korea, though a
"serious inconvenience," insufficient to invalidate a forum selection clause); *Spradlin
v. Lear Siegler Mgmt. Servs. Co., Inc.*, 926 F.2d 865, 868-869 (9th Cir. 1991) (clause
mandating Saudi Arabia forum did not effectively deprive plaintiff of his day in
court, even though Saudi Arabia has a significantly different judicial system and
plaintiff lived in U.S.).  District courts in California routinely enforce forum selection
clauses requiring a plaintiff to litigate outside her home state. *See, e.g., Hegwer v.
Am. Hearing & Assocs.*, 2012 U.S. Dist. LEXIS 24313, *8–10 (N.D. Cal. 2012)
(enforcing clause requiring Wyoming resident to litigate in Pennsylvania); *Meier v.
Midwest Recreational Clearinghouse, LLC*, 2010 WL 2738921, *3 (E.D. Cal. 2010)
(upholding clause requiring California resident to litigate in Minnesota); *Bennett v.
Hosting.com, Inc.*, 2008 WL 4951020, *2 (N.D. Cal. 2008) (enforcing clause
requiring California resident to litigate in Kentucky); *Bernikow v. Xerox Corp. Long-
Term Disability Income Plan*, 2006 WL 2536590, *2 (C.D. Cal. 2006) (enforcing
clause requiring California resident to litigate in New York); *Koresko v.
RealNetworks, Inc.*, 291 F. Supp. 2d 1157, 1163 (E.D. Cal. 2003) (enforcing clause
requiring California resident to litigate in Washington).

Further, circuit courts and district courts "routinely" uphold online agreements,
commonly referred to as "clickwrap agreements." *U.S. v. Drew*, 259 F.R.D. 449, 462
n.22 (C.D. Cal. 2009); *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011)
(upholding forum selection clause in online agreement); *Meier*, 2010 WL 2738921,

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*1 ("By checking the required box and using the site, Plaintiffs agreed to this forum selection clause"); *Koresko*, 291 F. Supp. 2d at 1159 (enforcing forum selection clause where plaintiff clicked "I agree" on defendant's website); *see also Davis v. Avvo, Inc.*, 2011 WL 4063282, *2 (M.D. Fla. 2011) (enforcing online forum selection clause where users had to "affirmatively accept … by clicking 'Accepting terms and continue'"); *Tricome v. Ebay, Inc.*, 2009 WL 3365873, *1–3 (E.D. Pa. 2009) (same); *Brodsky v. Match.com LLC*, 2009 WL 3490277, *1–2 (S.D. N.Y. 2009) (same); *Forrest v. Verizon Commc'ns, Inc.*, 805 A.2d 1007, 1011 (D.C. 2002) ("A contract is no less a contract simply because it is entered into via a computer.").

In *Meier*, for example, plaintiffs purchased a vehicle through a Minnesota company's online auction, which required plaintiffs to accept certain terms, including a forum selection clause stating the user consents to "the exclusive jurisdiction and venue of courts in Washington County, Minnesota." 2010 WL 2738921, at *1. The court enforced the clause and rejected as "untenable" plaintiffs' argument that "the terms were not freely bargained for and that complying with the forum-selection clause would effectively deprive them of their day in court." *Id.* at *3. "By checking the required box and using the site, Plaintiffs agreed to this forum selection clause, although Plaintiff contends that she did not notice or understand the import of the clause." *Id.* at *1.

Likewise, in *Koresko*, plaintiff purchased software over the Internet. As part of the transaction, he accepted terms presented on defendant's website by clicking a box on his screen marked "I agree." 291 F. Supp. 2d at 1159. The terms included a forum selection clause providing "you hereby consent to the exclusive jurisdiction of the state and federal courts sitting in the State of Washington." *Id.* at 1162. The court upheld the forum selection clause and dismissed plaintiff's complaint, explaining: "When Plaintiff clicked the click-box on the screen marked, 'I agree' on Defendant's website, he expressly agreed to litigate any claims against [Defendant] exclusively in the State of Washington." *Id.* at 1159. This Court should reach the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

same conclusion.  Like the plaintiff in *Koresko*, Smith agreed that if he brought a lawsuit relating to his Xbox LIVE or Windows Live services, he would do so in King County, Washington.  *See* Coon Decl. ¶¶ 3-5 & Ex. 1¶ 19;  Mehta Decl. ¶¶ 3-5 & Ex. 2 ¶13.  Indeed, the forum selection clause enforced in *Koresko* closely resembles the clauses Smith agreed to here.  Coon Decl. ¶ 4 & Ex. 1; Mehta Decl. ¶¶ 4-5 & Ex. 2 ¶ 13.  And as in *Koresko*, Smith cannot show any unreasonableness of the agreed forum.  *Koresko*, 291 F. Supp. 2d at 1162–63 (enforcing clause requiring California plaintiff to litigate in Washington).

Further, "in operating a website and service accessible to users anywhere in the country," Microsoft has a reasonable and legitimate reason to decide that any disputes about its website and services should be litigated in Washington, where it is headquartered, incorporated,[2] and most of its employees reside.  *Brodsky*, 2009 WL 3490277, at *4; *Meier*, 2010 WL 2738921, at *3 (clause selecting defendant's home state as forum reasonable where defendant "operates a website accessible anywhere in the world," subjecting it to disputes "in a multitude of potential fora"); *Gamayo v. Match.com LLC*, 2011 WL 3739542, *5 (N.D. Cal. 2011) (rejecting California plaintiff's contention it would be "fundamentally unfair" to litigate claim in Texas); *Stern v. Advanta Bank Corp.*, 2010 WL 1028375, *6 (N.D. Cal. 2010) (enforcing clause requiring California plaintiff to litigate in Utah); *TradeComet.com, LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 380–81 (S.D. N.Y. 2010) (rejecting argument clause was unreasonable because it "would force [plaintiff] to litigate its claims in Google's 'backyard,'" *i.e.*, California).

Just yesterday, Judge Feess enforced the same clause at issue here.  In granting Microsoft's motion to dismiss, Judge Feess found "no basis in this case on which the

---

[2] Plaintiff alleges Microsoft is incorporated under the laws of Delaware and has its principal place of business in the State of Washington.  Compl. ¶ 11.  Plaintiff is correct as to Microsoft's principal place of business, but mistaken as to incorporation, as Microsoft is incorporated under the laws of the State of Washington.  *See* Bencke Decl. ¶ 2 (Dkt. 4 at 2).

MOTION TO DISMISS
DWT 19204991v11 0025936-001541

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Court can conclude that the forum selection clause is unreasonable." *Talyancich*,

2  *supra*, at 6. This Court should reach the same conclusion.

3       Of course, yesterday's *Talyancich* decision from Judge Fees is the most recent

4  and directly on point, enforcing the same clause Smith agreed to here for Xbox LIVE

5  services. *See Talyancich*, *supra*, at 6 ("There is simply no basis in this case on which

6  the Court can conclude that the forum selection clause is unreasonable. Accordingly,

7  Microsoft's motion to dismiss without prejudice is GRANTED."). The Court should

8  not reach the same conclusion here.

9       Smith had an opportunity to decline the designated forum in the TOU or MSA

10 by choosing not to subscribe. He chose, instead, to accept Microsoft's terms, and he

11 uses its services. Coon Decl. ¶ 3; Mehta Decl. ¶ 3; Sanchez Decl. ¶ 2. Accordingly,

12 Smith must pursue any lawsuit in Washington, the forum to which he repeatedly

13 agreed. The Court should dismiss the Complaint without prejudice under Rule

14 12(b)(3) for improper venue.

## IV.   CONCLUSION

16 Smith sued Microsoft in the wrong forum, which requires dismissal for

17 improper venue. The Court should therefore dismiss the Complaint without

18 prejudice.

20 DATED: March 29, 2012              DAVIS WRIGHT TREMAINE LLP
21                                    JAMES D. NGUYEN
22                                    FRED B. BURNSIDE

24                                    By: /s/ James D. Nguyen
25                                        James D. Nguyen

26                                    Attorneys for Defendant
27                                    MICROSOFT CORPORATION

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# APPENDIX A

1

JS – 6

LINK: 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00483 GAF (FMOx) | Date | March 28, 2012 |
|---|---|---|---|
| Title | Ann Talyancich v. Microsoft Corporation et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**          **(In Chambers)**

<u>**ORDER RE: MOTION TO DISMISS**</u>

**I.**
**INTRODUCTION & BACKGROUND**

In this putative class action, Plaintiff Ann Talyancich alleges that Defendant Microsoft Corporation ("Microsoft") wrongfully excluded her Xbox console unit from the Xbox LIVE service to which she had subscribed, after she hired an independent serviceperson to repair the console unit's DVD drive. (Docket No. 1 [Not. of Removal], Ex. A [Compl.].) The Xbox is a "'general purpose computer' that is commonly used to access the Internet, play video games, and access and display movies." (Id. ¶ 7.) According to Plaintiff, to date, Microsoft has sold more than 79 million Xbox console units since its release in 2001, with different models priced between $199.99 and $449.99. (Id. ¶¶ 8–9.) The Xbox LIVE subscription service is an "online multiplayer gaming and digital media delivery service" available in Free, Gold, and Family Pack versions. (Id. ¶¶ 11–12.) A 12-month membership to the Gold and Family Pack services, offering a variety of features not available in the Free version, costs $59.99 and $99.99, respectively. (Id. ¶¶ 13–17.) Users of the Xbox LIVE service may purchase "Microsoft Points," at a price of roughly 1.25 cents per point, which may be stored and used to buy games, add-ons, videos, television shows, and more in the Xbox LIVE Marketplace. (Id. ¶¶ 19–21.) Plaintiff alleges a total number of Xbox live users in the range of 25 to 35 million people, and annual profits to Microsoft from the Xbox platform of $1.32 billion. (Id. ¶¶ 18, 22.)

JS – 6

LINK: 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00483 GAF (FMOx) | Date | March 28, 2012 |
|---|---|---|---|
| Title | Ann Talyancich v. Microsoft Corporation et al | | |

Plaintiff's Complaint alleges that she purchased a new Xbox console unit and, in April of 2011, she purchased a 12-month Xbox LIVE Gold subscription that included an extra bonus month. (Id. ¶¶ 28–29, 31.) In order to purchase the Xbox LIVE service, subscribers are required to click "ACCEPT" on a screen displaying the Xbox LIVE Terms of Use. (Docket No. 5 [Coon Decl.] ¶ 6.) If the user clicks "DECLINE" or fails to click either "ACCEPT" or "DECLINE," the subscription is not processed and access to the Xbox LIVE service is not activated. (Id.) The Terms of Use effective at the time that Plaintiff subscribed provided that

> 12. Service Operation and Equipment
> . . . .
> You agree that you are using only authorized software and hardware to access the Service, that your software and hardware have not been modified in any unauthorized way (e.g., through unauthorized repairs, unauthorized upgrades, or unauthorized downloads), and that we have the right to send data, applications or other content to any software or hardware that you are using to access the Service for the express purpose of detecting an unauthorized modification. . . . Microsoft may, among other things . . . upgrade, modify, withdraw, suspend, or discontinue any functionality or feature of the Service, any game or other content available or accessible through the Service, or any hardware or software associated with the Service or with an Authorized Device, from time to time without notice, expressly including by the automatic download of related software directly to your Authorized Device, including software that prevents you from accessing the Service, playing pirated games, or using unauthorized hardware peripheral devices.

(Coon Decl., Ex. 1 [Terms of Use] ¶ 12.)  The effective Terms of Use also provided that

> 18. Choice of Law and Location for Resolving Disputes
> . . . .
> If this contract is with Microsoft Corporation, you consent to the exclusive jurisdiction and venue of state and federal courts in King County, Washington, USA for all disputes relating to this contract or the Service. . . . .

(Id. ¶ 18.)  Because Plaintiff resides in the United States, her contract for the Xbox LIVE service was with Microsoft. (Coon Decl. ¶ 9.) The great majority of persons who designed and implemented the Xbox LIVE service and Microsoft Points system and documents relating to the

**JS – 6**

**LINK: 5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00483 GAF (FMOx) | Date | March 28, 2012 |
|---|---|---|---|
| Title | Ann Talyancich v. Microsoft Corporation et al | | |

design and implementation are located at Microsoft's headquarters in Redmond, Washington. (Id. ¶¶ 15–16.)

Shortly after Plaintiff subscribed to the Xbox LIVE service, the DVD drive on her console unit failed, and she hired an independent local repairman to install a new DVD drive. (Id. ¶ 30.) After this repair, in May of 2011, Microsoft installed an update on Plaintiff's console that caused it to be excluded from and unable to access the Xbox LIVE service. (Id. ¶¶ 33, 35.) Plaintiff had approximately 12 months remaining on her subscription, had purchased Microsoft Points, and had purchased services with these points, but has been unable to access any of these services and was not provided a refund of any kind. (Id. ¶¶ 38–44.) Plaintiff alleges that Microsoft "regularly excludes" Xbox console units from the Xbox LIVE service for violations of the Terms of Use, and that Microsoft does not provide details of the violations or refunds for services purchased. (Id. ¶¶ 23–28.) Plaintiff brings claims for breach of contract; unjust enrichment, restitution and/or money had and received; and trespass to chattels, and she seeks to represent a class of "all persons in the United States of America and its Territories whose Xbox consoles have been excluded from the Xbox LIVE service." (Id. ¶ 45.)

Microsoft now moves to dismiss Plaintiff's Complaint without prejudice under Federal Rule of Civil Procedure 12(b)(3), contending that Plaintiff's putative class action suit may only be resolved by a court in King County, Washington. (Docket No. 5.) For the reasons discussed below, the Court **GRANTS** Microsoft's motion to dismiss for improper venue.

**II.**
**DISCUSSION**

**A. RULE 12(B)(3) LEGAL STANDARD**

A forum selection clause is grounds for a Federal Rule of Civil Procedure 12(b)(3) motion to dismiss for improper venue. See Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). In considering such a motion, the court may consider facts outside the pleadings and need not accept the pleadings as true. See id. However, the Court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party. See Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004). In deciding a Rule 12(b)(3) motion, the court has the discretion to dismiss the case "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." See 28 U.S.C. § 1406(a).

**JS – 6**

**LINK: 5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 12-00483 GAF (FMOx) | Date | March 28, 2012 |
| Title | Ann Talyancich v. Microsoft Corporation et al | | |

Where venue is alleged to be improper by virtue of failure to comply with a forum selection clause, the Court evaluates the validity of the forum selection clause utilizing the analysis set forth by the Supreme Court in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). See also Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988); Argueta, 87 F.3d at 324. "Moreover, because enforcement of a forum clause necessarily entails interpretation of the clause before it can be enforced, federal law also applies to interpretation of forum selection clauses." Manetti-Farrow, Inc., 858 F.2d at 513.

"[F]orum selection clauses are prima facie valid and should not be set aside unless the party challenging the enforcement of such a provision can show it is unreasonable under the circumstances." Argueta, 87 F.3d at 325 (citing Bremen, 407 U.S. at 10 (internal quotation marks omitted)). Plaintiff bears a "heavy burden" in challenging the reasonableness of a forum selection clause. See id. A forum selection clause is unreasonable if: 1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; 2) the selected forum is so gravely difficult and inconvenient that the challenging party will for all practical purposes be deprived of its day in court; or 3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. Id.; see Bremen v. United States, 407 U.S. at 10. If the forum selection clause is found to be enforceable, then any claim brought in a forum different from that selected in the forum selection clause will be dismissed for improper venue. Argueta, 87 F.3d at 326-327; see Bremen, 407 U.S. at 10.

**B. APPLICATION**

Microsoft argues that Plaintiff's Complaint should be dismissed without prejudice for lack of venue, because "Plaintiff agreed to a forum selection clause selecting King County, Washington as the sole venue for litigating disputes relating to the Service when she affirmatively accepted the Xbox LIVE Agreement." (Docket No. 5 [Mem.] at 5.) For her part, Plaintiff does not challenge the existence or exclusivity of the forum selection clause, or argue that it resulted from fraud, undue influence, or overweening bargaining power, or that enforcement of the clause would contravene a strong public policy in California. Instead, she argues that the forum selection clause is unreasonable because it gives "significant advantage" to Microsoft, the stronger party, by "plac[ing] venue in Microsoft's back yard while forcing Plaintiff to travel a significant distance to litigate a contract signed and performed in California." (Docket No. 11 [Opp.] at 4.)

**JS – 6**

**LINK: 5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00483 GAF (FMOx) | Date | March 28, 2012 |

| Title | Ann Talyancich v. Microsoft Corporation et al |

Microsoft cites to numerous cases in which courts have upheld similar forum selection clauses in "clickwrap" agreements, which required the plaintiffs to travel long distances to litigate their actions. (See Mem. at 5–6.) For example, in Koresko v. RealNetworks, Inc., 291 F. Supp. 2d 1157, 1163 (E.D. Cal. 2003), the court upheld an identical forum selection clause, in a licensing agreement for an online service, in favor of King County, Washington, forcing the California plaintiff to travel to Washington to litigate his claim. Id. at 1158, 1163. The plaintiff in that case accepted the contract in the same "clickwrap" manner as Plaintiff did here. Id. at 1162–63. The court reasoned that "[p]ursuing a lawsuit in another forum is not per se unreasonable," and that the "[d]efendant provided [the] [p]laintiff an opportunity to deny the terms of the contract including the forum selection clause before purchasing its product." Id. at 1163. See also U.S. v. Drew, 259 F.R.D. 449, 462 n.22 (C.D. Cal. 2009) (collecting cases, and stating that "[c]lickwrap agreements 'have been routinely upheld by circuit and district courts'" (citations omitted)); Gamayo v. Match.com LLC, Nos. C 11–00762 SBA, C 11–1076 SBA, C 11–1206 SBA, 2011 WL 3739542, at *1, 5 (N.D. Cal. Aug. 24, 2011) (enforcing clickwrap forum selection clause in favor of litigation in Texas, against California putative class action plaintiff who accepted agreement to subscribe to online dating service); cf. Carnival Cruise Lines v. Shute, 499 U.S. 585, 595 (1991) (cruise ship passengers, Washington residents, required to litigate in Florida pursuant to forum selection clause in passage contract ticket); Fireman's Fund Ins. Co. v. M/V DSR Atlantic, 131 F.3d 1336, 1338 (9th Cir. 1998) (insurance company required to litigate in Korea pursuant to clause in bill of lading, despite "serious inconvenience"). Indeed, "the party resisting enforcement of the clause has a heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party effectively would be denied a meaningful day in court." Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 281 (9th Cir. 1984).

Plaintiff has made no such showing, nor has she even argued this position. Moreover, Plaintiff's cases cited in Opposition, all of which address the unconscionability of arbitration agreements under California law, do not support her cause. In Nagrampa v. MailCoups, Inc., 469 F.3d 1257 (9th Cir. 2006), the Ninth Circuit refused to enforce an arbitration clause in a franchise agreement as unconscionable. The arbitration clause lacked mutuality, in that it gave the franchisor-defendant access to the judicial system while the franchisee-plaintiff was forced to arbitrate her claims. Id. at 1285. The forum selection clause in favor of arbitration in Boston was also unconscionable, because (1) the franchise offering circular had stated that the clause "may not be enforceable under California law," pursuant to a California statute then in effect guaranteeing persons for whom the franchise was their first business access to local

JS – 6

LINK: 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00483 GAF (FMOx) | Date | March 28, 2012 |
|---|---|---|---|
| Title | Ann Talyancich v. Microsoft Corporation et al | | |

courts—precluding any expectation that arbitration would take place in Boston; and (2) it required a one-woman franchisee who operated from her home in California to pay $6,500 in arbitration fees and to litigate in an out-of-state forum, effectively precluding her claims. Id. at 1289–92. In Hartung v. J.D. Byrider, Inc., No. 1:08-cv-00960-AWI-GSA, 2008 WL 4615044 (E.D. Cal. Oct. 17, 2008), the court refused to enforce an arbitration clause as unconscionable, where the plaintiff, a California resident, sued for harassing phone calls relating to a car loan on which she had fallen behind. Id. at *1. Arbitration in Arizona would have required her to incur "unreasonable expenses" in relation to her claim, and all witnesses were located in California. Id. at *7–8. Finally, in Comb v. PayPal, Inc., 218 F. Supp. 2d 1165 (N.D. Cal. 2002), the court found that upholding the forum selection clause would force plaintiff to individually arbitrate his claims, for removal of funds from his bank account by an electronic disbursement service, in a distant forum, and that the "minimal sums" at issue would serve to shield PayPal from liability. Id. at 1177.

The circumstances in this case do not resemble those in Nagrampa, Hartung, or Comb. Here, Plaintiff seeks to represent a nationwide class of "hundreds of thousands" of excluded Xbox users, alleging damages in the millions of dollars. (Compl. ¶¶ 3, 46; see also Not. of Removal ¶¶ 23–39 (estimating amount in controversy to be in excess of $10 million); Madanat v. First Data Corp., No. C 10-04100 SI, 2011 WL 208062, at *3 (Jan. 21, 2011) (forum selection clause in favor of New York did not deprive California putative class action plaintiff of his day in court; the plaintiff did not argue that he could not afford to incur the travel expenses, and the "fact that it might not make financial sense to do so as an individual litigant does not show a hardship that would deprive him of his day in court in this class action case"). Crucially, Plaintiff has retained both California and Oklahoma counsel to litigate this action, and has not argued that litigation in Washington would preclude her claims. (See Compl. at 33; Docket No. 14 [Reply] at 5.) Indeed, it appears unlikely that Plaintiff herself would even be required to travel to Washington to pursue this action. (See Reply at 4–5 (stating that Microsoft would take Plaintiff's deposition in California or wherever she resides).) There is simply no basis in this case on which the Court can conclude that the forum selection clause is unreasonable. Accordingly, Microsoft's motion to dismiss without prejudice is **GRANTED**.

**JS – 6**

LINK: 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00483 GAF (FMOx) | Date | March 28, 2012 |
|---|---|---|---|
| Title | Ann Talyancich v. Microsoft Corporation et al | | |

**III.**
**CONCLUSION**

Based on the foregoing discussion, the Court **GRANTS** Microsoft's motion to dismiss for lack of venue.  This dismissal is **without prejudice** to Plaintiff's filing suit in King County, Washington.  The hearing presently scheduled for April 2, 2012, is hereby **VACATED**.


**IT IS SO ORDERED.**